UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CSAA GENERAL INSURANCE
COMPANY,

      Plaintiff,

    v.

ROBERT CARROLL; and
THEODORE LAUB,

      Defendants.

Case No. 3:24-cv-01937-YY

FINDINGS AND
RECOMMENDATIONS

**FINDINGS**

Plaintiff CSAA General Insurance ("CSAA") has brought this suit seeking a declaratory judgment that it has no duty to defend or indemnify defendant Theodore Laub for claims arising from an incident in which he shot and injured defendant Robert Caroll while they were both driving on Interstate 5. Carroll sued Laub for the shooting-related injuries in Multnomah County Circuit Court, where a jury returned a verdict in favor of Carroll, resulting in a judgment against Laub for $647,001.24.[1]

Laub has failed to appear in this federal action, and the clerk entered a default on June 2, 2025. ECF 20; *see* FED. R. CIV. P. 55(a). Plaintiff has moved for entry of a default judgment regarding its duty to defend Laub, ECF 21, which should be granted for the reasons described below.

**I.    Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited

---

[1] *See Robert Carroll v. Theodore Laub*, Multnomah County Circuit Court No. 24CV03193.

1 – FINDINGS AND RECOMMENDATIONS

jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see also Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983) (recognizing that the court may *sua sponte* dismiss an action if it finds that subject matter jurisdiction is lacking).

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy in excess of $75,000. Compl. ¶ 6, ECF 1. Plaintiff is a citizen of Indiana and California, defendant Carroll is a citizen of Oregon, and defendant Laub is a citizen of Nevada. *Id.* ¶¶ 2-4.

## II.     Personal Jurisdiction

A district court "has an affirmative duty" to determine whether it has personal jurisdiction over a defendant before entering a default judgment. *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). "A judgment entered without personal jurisdiction over the parties is void." *Id*.

Unless a federal statute governs personal jurisdiction, a district court applies the law of the forum state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). Oregon's long-arm statute is co-extensive with constitutional standards. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing O.R.C.P. 4L); *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 384 (1982). Thus, this court need only determine whether its exercise of personal jurisdiction over a defendant would offend constitutional due process requirements. *See Boschetto*, 539 F.3d at 1015; *see also Hydraulic Servocontrols*, 294 Or. at 384.

Due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and

2 – FINDINGS AND RECOMMENDATIONS

substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citations omitted). The Supreme Court has rejected the application of "mechanical" tests to determine personal jurisdiction. *Id.* at 319; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Rather, a court should consider the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *Int'l Shoe Co.*, 326 U.S. at 319.

The Supreme Court has recognized two types of personal jurisdiction: general, or "all-purpose," jurisdiction, and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127–28, 132 (2014). General jurisdiction turns on whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific personal jurisdiction exists where a defendant has certain minimum contacts with the forum state, the controversy arose out of those contacts, and the exercise of jurisdiction is reasonable. *See Burger King*, 471 U.S. at 472-74. The Ninth Circuit applies a three-part test to determine if the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff bears the burden as to the first two prongs, but if both are established, then "the defendant must

3 – FINDINGS AND RECOMMENDATIONS

come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016 (quoting *Schwarzenegger*, 374 F.3d at 802). "Generally, '[t]he commission of an intentional tort in a state is a purposeful act that will satisfy the first two requirements [of the minimum contacts test].'" *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (quoting *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064 (9th Cir. 1985)).

Laub is a resident of Nevada. On April 8, 2022, he was in Oregon to begin a temporary job in Albany. Laub Dep. 40, ECF 21-1. He stayed in a hotel in Beaverton and, that morning, drove to Albany on Interstate 5 for orientation. *Id.* at 39, 42. Laub brought a shotgun with him from Nevada and had it in his vehicle during that drive. *Id.* at 52. While traveling on the interstate, Laub committed an intentional tort by shooting and injuring Carroll. *Id.* at 124. Because Laub committed an intentional tort while present in Oregon, the first two prongs of the minimum contacts test are satisfied. *See Freestream Aircraft (Bermuda) Ltd.*, 905 F.3d at 603.

In applying the third prong of whether the exercise of jurisdiction comports with fair play and substantial justice and is therefore reasonable, the court considers seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011). Here, although Laub's stay in Oregon was short, his purposeful injection into the forum state's affairs was substantial as it involved firing a gun at another driver on a public highway. Given Laub resides in a different state, defending this action in Oregon imposes some burden on him. But that

4 – FINDINGS AND RECOMMENDATIONS

burden is not so significant as to render it unreasonable. Adjudicating this dispute in Oregon creates no conflict with Nevada state, and Oregon has a strong interest in adjudicating disputes involving its citizens and actions that took place in the district. This jurisdiction is also convenient to plaintiff. Lastly, although an alternative forum might potentially exist, there is no reason why any forum would be more suitable than this one where Laub committed the shooting. Considering all relevant factors, the exercise of jurisdiction over Laub comports with fair play and substantial justice, i.e., it is reasonable. For these reasons, this court has personal jurisdiction over Laub.

### III.     Service of Process

Before entering a default judgment, the court must "assess the adequacy of the service of process on the party against whom default is requested." *Bank of the West v. RMA Lumber Inc.*, No. C 07-06469 JSW, 2008 WL 2474650, at *2 (N.D. Cal. June 17, 2008). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has . . . waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007).

Under Federal Rule of Civil Procedure 4(e), service on an individual within a judicial district of the United States may be accomplished by following state law or "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Here, Laub was personally served in Nevada on February 25, 2025. *See* Decl. Service, ECF 11. Thus, service was proper and adequate under Rule 4(e).

IV.     *Eitel* Analysis

The district court must exercise its discretion in determining whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court considers the following factors under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72. As discussed below, the *Eitel* factors weigh heavily in favor of default judgment in this case.

### A.     Factor One: Possibility of Prejudice to Plaintiff

In assessing the possibility of prejudice, courts have considered whether a plaintiff would be without recourse for recovery if the motion for default judgment is not granted. *See, e.g., J & J Sports Prods., Inc. v. Cardoze*, No. 3:09-CV-05683-WHA, 2010 WL 2757106, at *5 (N.D. Cal. July 9, 2010); *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, plaintiff has no recourse for recovery other than to file this action.

### B.     Factors Two and Three: Merits of Claims and Sufficiency of Complaint

Upon entry of default, this court must take the well-pleaded factual allegations of the complaint as true. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("In reviewing a default judgment, this court must take the well-pleaded factual allegations of [the complaint] as true."); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Plaintiff's well-pleaded complaint alleges facts establishing that it is entitled to declaratory relief regarding duty to defend. Plaintiff's claims are brought pursuant to 28 U.S.C. § 2201, which provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). The underlying state court action alleges that "Carroll sustained personal injuries due to a shooting involving Defendant Laub while the two were driving their vehicles on Interstate 5 in Oregon." Compl. ¶ 18, ECF 1. Plaintiff had issued Laub both a personal auto and a homeowner's policy that covered the date of the shooting. Mot. Def. Judg., Ex. 2, ECF 21-2. But plaintiff alleges it has no duty to Laub because the alleged conduct falls outside the coverage of both insurance policies. Under the auto policy, there is no coverage if there is no "'accident' arising out of the ownership, maintenance, or use of a covered vehicle," and if the "'bodily injury' was 'reasonably expected to arise out of an intentional act'" or "caused by the insured person while a motor vehicle is being used to commit a felony[.]" *Id.* ¶¶ 25-27. Under the homeowner's policy, there is no coverage if the "bodily injury' was 'expected or intended by, or expected to result from the intentional acts or omissions of any 'insured,'" or if it "[arose] out of a criminal act committed by any 'insured.'" *Id.* ¶¶ 29-30. *see also* Mot. Def. Judg., Ex. 2 at 5-12, ECF 21-2 (copy of relevant auto and homeowner's policies). Notably, Laub does not object to plaintiff's motion for declaratory judgment on the issue of duty to defend. Plaintiff emailed defendant Laub regarding this motion, and Laub responded that he has "no intention to defend the judgment." *Id.*, Ex. 4, ECF 21-4. Laub further stated, "[p]lease proceed with obtaining the

default judgement." *Id.* Accordingly, plaintiff has sufficiently established it is entitled to a declaratory judgment that it has no duty to defend.

### C. Fourth Factor: Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176–77; *see also J & J Sports*, 2010 WL 2757106, at *5 ("a large sum of money at stake would disfavor default damages," such as a request for $114,200 in damages); *Board of Trustees of the Sheet Metal Workers v. Vigil*, No. 3:07-CV-01508-WHA, 2007 WL 3239281, at *2 (N.D. Cal. Nov. 1, 2007) ("[D]efault judgment is disfavored if there were a large sum of money involved.").

Here, the sum of money at issue is quite large—the judgment in the underlying lawsuit against Laub is for $647,001.24. Mot. Def. Judg. 5, ECF 21. Despite the large judgment, however, plaintiff has established it is entitled to a declaratory judgment that it has no duty to defend due to the exclusions in the policy.

### D. Fifth Factor: Possibility of Dispute Over Material Facts

In addressing the fifth factor, the court considers the possibility that there is a dispute concerning material facts. "The fifth factor . . . weighs in favor of default judgment when the claims in the complaint are well-pleaded." *Joe Hand Prods. v. Holmes*, No. 2:12–CV–00535–SU, 2015 WL 5144297, at *7 (D. Or. Aug. 31, 2015). "Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists." *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).

Here, as noted, plaintiff's complaint is well-pleaded, and the auto and homeowner's policies contain exclusions that establish plaintiff has no duty to defend defendant Laub. Thus,

8 – FINDINGS AND RECOMMENDATIONS

while it is possible there is a dispute regarding material facts, that possibility is very low if it exists at all.

### E. Sixth Factor: Excusable Neglect

The sixth factor pertains to the possibility that the default resulted from excusable neglect. "This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the action." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. Jan. 23, 2012). As noted, Laub was properly served on February 25, 2025. ECF 11. Furthermore, the record shows that plaintiff's counsel emailed Laub to confirm that he did not plan to defend this declaratory judgment action. Mot. Def. Judg., Ex. 4, ECF 21-4. Laub wrote back that he "has no intention to defend the judgment[,]" confirming he is aware of the action. *Id.* Accordingly, there is no indication of excusable neglect.

### F. Policy Favoring Decision on the Merits

Factor seven is "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," specifically the policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action." *Joe Hand Promotions, Inc. v. Machuca*, No. 2:13-CV-01228-GEB-KJN, 2014 WL 1330749, at *6 (E.D. Cal. Mar. 31, 2014). Where a defendant has failed to answer a complaint, this "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. "[T]he mere existence of Fed.R.Civ.P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *Id.* "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Id.* (internal quotation omitted).

Here, a decision on the merits is impossible because Laub has failed to appear, plead, or defend this action. But, as noted, that factor is not dispositive. All of the other *Eitel* factors support the court's exercise of discretion in entering a default judgment.

## RECOMMENDATIONS

Plaintiff's Motion for Default Judgment as to defendant Theodore Laub (ECF 21) should be GRANTED and a declaratory judgment should be issued that plaintiff has no duty to defend Laub in *Robert Carroll vs Theodore Laub*, Multnomah County Circuit Court No. 24CV03193.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Friday, January 30, 2026. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED January 9, 2026.

                                                  /s/ Youlee Yim You
                                                  Youlee Yim You
                                                  United States Magistrate Judge